IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICTOR ADAMOV,<br><br>*Plaintiff,*<br><br>v.<br><br>LIBERTY INSURANCE d/b/a LIBERTY MUTUAL INSURANCE COMPANY d/b/a LIBERTY INSURANCE GROUP,<br><br>*Defendant.* | Case No. 2:20-cv-06282-JDW |

## **MEMORANDUM**

The Court must determine whether the Complaint that Victor Adamov filed against Liberty Mutual in state court seeks more than $75,000. If so, this Court has jurisdiction over the case. If not, the case must go back to state court. The answer is "not." Although Mr. Adamov's claims might well be worth more than $75,000, there is not enough detail in the Complaint for Liberty Mutual to show that amount in controversy to a legal certainty. The Court will therefore remand the case to the Bucks County Court of Common Pleas.

I.   **FACTURAL AND PROCEDURAL BACKGROUND**

On January 22, 2019, a vehicle struck the rear of Mr. Adamov's car "with such force and violence so as to cause [Mr. Adamov] to suffer severe personal injuries, disabilities and damages." (ECF No. 1-2 at ¶ 6.) Mr. Adamov received medical care, physical therapy, and diagnostic testing for his injuries, and he "incurred medical expenses and will continue to incur medical expenses for the care and treatment of injuries for a long and indefinite time in the future." (*Id.* at ¶¶ 7–8.) The tortfeasor's insurance, Grange Indemnity Insurance, offered Mr. Adamov $27,458.01 for a bodily

injury claim, which he accepted. Liberty Mutual has refused Mr. Adamov's claim for underinsured motorist benefits.

On November 5, 2020, Mr. Adamov filed suit in the Bucks County Court of Common Pleas against Liberty Mutual for breach of contract (Count I) and bad faith (Count II). Each count includes an *ad damnum* clause: the first count demands a judgment against Liberty Mutual "in an amount not in excess of Fifty Thousand Dollars ($50,000);" the second count demands a judgment "in an amount not in excess of Fifty Thousand Dollars ($50,000), together with compensatory damages, punitive damages, interest, costs of suit, attorney's fees, and any other damages permitted." (*Id.* at ¶¶ 27, 34.)  On the Civil Cover Sheet, Mr. Adamov indicates that the amount in controversy is "$50,000 or less." (ECF No. 1-2.)

## II.   LEGAL STANDARD

A defendant may remove a civil action brought in state court to federal district court if the district court has jurisdiction over the matter. *See* 28 U.S.C. § 1441(a).  Jurisdiction exists over cases where there is complete diversity between citizens of different states and where the amount in controversy exceeds the sum or value of $75,000. *See* 28 U.S.C. § 1332(a).  A district court must remand the case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *see Liberty Mut. Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742, 750 (3d Cir. 1995).  Courts must "strictly construe[]" removal statutes against removal and resolve all doubts in favor of remand. *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987) (citation omitted).

In determining whether the amount in controversy exceeds $75,000, district courts in this Circuit apply the "legal certainty" test. *See Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 398 (3d Cir. 2004).  Under this standard, a court must determine whether "the plaintiff's actual

monetary demands in the aggregate exceed the [jurisdictional] threshold, irrespective of whether the plaintiff states that the demands do not." *Morgan v. Gay*, 471 F.3d 469, 474–75 (3d Cir. 2006). This standard applies differently depending on whether a plaintiff's complaint limits the damages. If so, then the party contesting remand must prove to a legal certainty that the amount in controversy exceeds the statutory threshold. *See Frederico v. Home Depot*, 507 F.3d 188, 196 (3d Cir. 2007). If not, then the party in favor of remand must prove to a legal certainty that the amount in controversy could not exceed the jurisdictional threshold. *See id.*

### III. ANALYSIS

#### A. Amount In Controversy

Mr. Adamov has limited his damages to $50,000 or less. The law permits Mr. Adamov to limit his damages in order to participate in compulsory arbitration in state court. *See* Pa. R. Civ. P. 1021(c). Each of the *ad damnum* clauses in his complaint limits damages to $50,000 or less. The *ad damnum* clauses leave some ambiguity about whether (a) Mr. Adamov intends to aggregate the damages from each of them, for a total of more than $100,000 and (b) the clause in Count II contemplates more than $50,000 in total damages. But the civil cover sheet that accompanies the Complaint resolves that ambiguity and states in no uncertain terms that Mr. Adamov seeks "$50,000 or less" for his Complaint as a whole. (ECF No. 1-2 at 2.)

Because Mr. Adamov has limited the amount he seeks, Liberty Mutual bears the burden of proving to a legal certainty that the amount in controversy exceeds $75,000. It cannot satisfy that burden. In Mr. Adamov's Complaint, he alleges that he suffered a loss of earnings, incurred medical bills, and suffered pain and suffering. He provides no additional detail that might permit Liberty Mutual or the Court to put a dollar value on those losses. At the same time, Mr. Adamov acknowledges that he has already collected more than $27,000 from Grange. These facts do not

provide any detail from which to estimate the damages that remain at issue in the case. *See Coates v. Nationwide Ins. Co.*, No. 12-cv-4031, 2012 WL 4068437, at *4 (E.D. Pa. Sept. 14, 2012). While it is possible, even likely, that Mr. Adamov's claims could satisfy the amount in controversy, that is not the applicable standard. A mere possibility that damages exceed the statutory threshold is not a legal certainty. *Mazza v. Peerless Indem. Ins. Co.*, No. 13-cv-3225, 2013 WL 4014569 (E.D. Pa. Aug. 7, 2013); *Dunfee v. Allstate Ins. Co.,* No. 08-cv-1425, 2008 WL 2579799, at *7 (E.D. Pa. June 26, 2008). Liberty Mutual has not met its burden.

This case is different than *Brent v. First Student, Inc.,* No. 19-cv-6023, 2020 WL 2545328 (E.D. Pa. May 20, 2020), the case upon which Liberty Mutual relies. Unlike Mr. Adamov, the plaintiffs in that case provided the court with the amount of outstanding medical bills and specified the types of injuries at issue. *Id.* at * 3. Without similar information, Liberty Mutual cannot meet its burden to prove to a legal certainty that Mr. Adamov's damages exceed the jurisdictional threshold for diversity matters. Relying on general allegations of serious and permanent injuries, without more, is insufficient. *See Inaganti v. Columbia Properties Harrisburg LLC*, No. 10-cv-1651, 2010 WL 2136597, at *5 (E.D. Pa. May 25, 2010) (defendants could not conclude to a legal certainty that claims for damages met jurisdictional threshold for federal diversity jurisdiction because plaintiffs did not identify a precise injury or medical condition and failed to allege actual costs of medical treatment, lost earnings, and projected future costs).

**B.    Fee Request**

In addition to seeking remand, Mr. Adamov also requests that he be awarded costs and attorney's fees under §1447(c). When a "removing party lacked an objectively reasonable basis for seeking removal," awards are permitted under § 1447(c). *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141, (2005). Because there is no evidence that Liberty Mutual was objectively

unreasonable in seeking removal, the Court will deny Mr. Adamov's request for an award attorney's fees and costs.

## IV.    CONCLUSION

"Legal certainty" is a high bar, and Liberty Mutual has not cleared it. Therefore, the Court will remand this case to the Bucks County Court of Common Pleas. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

March 9, 2021